571 So.2d 968 (1990)
QUICK CHANGE OIL AND LUBRICATION CO., INC.
v.
COUNTY LINE PLACE, INC., and Shoney's, Inc.
No. 07-CA-59129.
Supreme Court of Mississippi.
December 5, 1990.
James H. Herring, Herring Long & Joiner, Canton, for appellant.
Rhesa H. Barksdale, A. Camille Henick, Butler Snow O'Mara, Stevens & Cannada, Firm, David C. Dunbar, Holcomb Dunbar Connell Chaffin & Willard, Robert H. Weaver, Stuart G. Kruger, Watkins Ludlam & Stennis, Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and PITTMAN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
On July 30, 1985, appellant, Quick Change Oil and Lubrication Co., Inc., sued appellees, County Line Place, Inc., and Shoney's, Inc., in the Chancery Court of Madison County, Mississippi, requesting permanent injunctive and other general relief involving alleged easement rights over property located in Ridgeland, Mississippi, at or about the intersection of County Line Road, near Interstate Highway 55.
At the time of its suit, Quick Change operated a rapid service, drive-through oil change business on and around the property in dispute. Suffice it to say, appellee Shoney's sought to develop a restaurant and through its franchise, Gulf Coast Development, Inc., to construct a "Shoney's Inn" on or near a portion of the disputed right-of-way.
On September 3, 1985, appellees filed motions to dismiss pursuant to Rule 12(b)(6), M.R.C.P. Later, on November 13, 1985, Quick Change moved the court to allow it to amend its complaint in order to join Gulf Coast as a party defendant. These motions were not immediately brought on for hearing; in fact, Quick Change's motion to amend was never brought on for hearing.
The next critical legal action germane to this appeal occurred in December of 1985. Quick Change changed its attorney and James H. Herring, Esq., made an entry of appearance. For reasons not necessary to mention, Counselor Herring immediately filed on behalf of his client, Quick Change, a Notice of Dismissal dated December 27, 1985, pursuant to Rule 41(a)(1)(i), M.R.C.P.
*969 Thinking that the case had been properly dismissed from the Chancery Court of Madison County, Mississippi, as a matter of right, on January 30, 1986, Quick Change filed a similar action in the United States District Court for the Southern District of Mississippi, Marsha J. Joiner et al. v. Shoney's et al. (Civil Action No. J-86-0065[L]), wherein Gulf Coast was joined as a party defendant. A hearing in Federal Court on Quick Change's request for a preliminary injunction was held on May 15, 1986.
Of extreme importance and persuasion to this Court in reviewing this appeal, is the fact that from July 30, 1985, the date this action was filed, until May 15, 1986, the day of the hearing in Federal Court, there had been no issues joined in the Chancery Court action. Suddenly, or as appellees would no doubt argue, coincidentally, appellee Shoney's, Inc., filed its Answer to Quick Change's July 30, 1985, Chancery Court action on May 15, 1986, the same day of the hearing in Federal Court. Appellee County Line Place, Inc., followed suit and did the same on June 20, 1986. Appellees admitted to this Court during oral argument that no mention was made to the Federal Court at the May 15, 1986, hearing of a pending suit in Chancery Court. It follows, from a complete and thorough review of this voluminous and complex record, that appellees, like Quick Change, were of the impression that the Chancery Court action had been dismissed on December 27, 1985. But then, a possible chink in the armor was discovered by appellees in that Rule 41(a)(1)(i) requires court costs to be paid prior to a voluntary dismissal becoming effective, and it appeared that Quick Change had failed to pay court costs, resulting in a defective dismissal, which meant that the Madison County Chancellor still had jurisdiction of the case.
Unquestionably, this is why appellees hastened to answer Quick Change's July 30, 1985, Chancery Court action; that is, to join issues and force litigation on the merits in state court rather than federal court.
To complete the procedural progress of this case, we note that on June 30, 1986, the chancellor was scheduled to hear appellees' motions to dismiss; however, rather than considering appellee's motions, the court addressed the effect of Quick Change's Notice of Dismissal, which had been filed as mentioned previously on December 27, 1985. As a result of the hearing, the chancellor decided that Rule 41(a)(1)(i) dismissal was ineffective because the plaintiff, Quick Change, failed to pay court costs (emphasis added). The court also specifically found that the appellees had filed answers and counter-claims and had obtained substantial rights in the case.
The full trial on the merits was scheduled to be heard on April 21, 1987. That morning, Quick Change, attempting once again to dismiss the case from Chancery Court, filed a Motion to Dismiss pursuant to M.R.C.P. Rule 41(a)(2). The chancellor heard the motion and subsequently denied it. After four (4) days of full hearing, the court granted appellees' joint motion for a directed verdict[1] and entered its opinion on October 16, 1987. On November 24, 1987, the court entered its Final Judgment, incorporating its opinion.
No other action was taken in the federal court suit and to date we are told the federal court awaits the results of this appeal before proceeding further.
In appealing this action to this Court, Quick Change has assigned no less than eight (8) errors with regard to its trial below; however, we think the single error mentioned below outcome determinative and will not address the remaining assignments of error.
The sole issue we deem necessary for discussion is as follows:

I. Whether Quick Change dismissed this action without prejudice when it filed a notice of dismissal under MRCP 41(a)(1)(i), but without payment of all costs, as required by that Rule?

*970 A. BRIEF BACKGROUND
When Quick Change filed its initial complaint on July 30, 1985, it paid a $30.00 filing fee. After service of the complaint, County Line Place, Inc., and Shoney's filed motions to dismiss on September 3, 1985, pursuant to M.R.C.P. Rule 12(b)(6); and appellant filed a motion to amend its complaint seeking to join Gulf Coast Development, Inc., as a party defendant. None of these motions was heard then. It is important to note that at the time Counselor Herring made his entry of appearance, there had been no issues joined, no answers having yet been filed; therefore, when appellant filed its notice of dismissal pursuant to M.R.C.P. Rule 41(a)(1)(i) on December 27, 1985, both sides were attempting to dismiss the case  appellees pursuant to a Rule 12(b)(6) motion and appellants pursuant to a Rule 41(a)(1)(i) motion.
The contention of the appellees is that appellant failed to pay additional costs owed at the time it filed its notice of dismissal, which was not in keeping with the letter of the law of M.R.C.P. Rule 41(a)(1)(i).
Nevertheless, at the request of appellant, the chancery clerk of Madison County produced a cost bill on June 30, 1986, revealing a $41.75 balance due after subtracting the $30.00 paid, as above stated. This balance was paid by appellant on July 1, 1986.
On July 3, 1986, the chancellor issued his Order and stated that
[t]his cause came on for hearing on June 30, 1986 on the separate Motions to Dismiss filed on September 3, 1985 by County Line Place, Inc. and by Shoney's, Inc., which were set for hearing by the Court at the regular May term of this Court, and it being announced to the Court that the plaintiff had filed on December 27, 1985 a Notice of Dismissal, and the Court having inquired into the matter and after hearing argument of counsel finds that the Notice of Dismissal filed pursuant to Rule 41 of the Mississippi Rules of Civil Procedure was not accompanied by the payment of Court costs as required by Rule 41 and therefore said notice did not constitute a dismissal of this cause. The Court further finds that the defendants have filed answers and counterclaims in this action and have obtained substantial rights in this case.

B. STANDARD OF REVIEW
When presented with what is essentially a question of law, the familiar limited manifest error/substantial evidence rules have no application to our appellate review. Manifest error applies only to review of findings of fact and, arguably, also to review of exercise of discretion, but not to review of questions of law. Boggs v. Eaton, 379 So.2d 520, 522 (Miss. 1980); Mississippi State Highway Commission v. Dixie Contractors, Inc., 375 So.2d 1202, 1206 (Miss. 1979); S & A Realty Co. v. Hilburn, 249 So.2d 379, 382 (Miss. 1971); see also, Pullman-Standard, a Division of Pullman, Inc. v. Swint, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66, 79 (1982).

ANALYSIS
This Court is gravely concerned that under the facts of the case at bar, a rule has been used as a sword to cut off a litigant's right  a right clearly given to this litigant as a matter of law.
The pertinent part of Rule 41, M.R.C.P., which we are called upon to interpret, reads as follows:
(a) Voluntary Dismissal: Effect thereof.
(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 66, or of any statute of the State of Mississippi, and upon the payment of all costs, an action may be dismissed by the plaintiff without order of court:
(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or
(ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice. (emphasis added)
*971 Appellees' defense of the chancellor's ruling that Quick Change improperly dismissed this case in December 1985 is grounded upon three (3) arguments. We summarize these arguments as follows:
First, with the addition of the language "and upon the payment of all costs" (emphasis added), the Mississippi Rule clearly provides that the payment of all costs is a necessary prerequisite to a dismissal under the Rule. The language is an unambiguous departure from the language of the Federal Rule after which the Mississippi Rule is otherwise patterned. As such, any reference in Quick Change's brief to federal cases construing the Federal Rule is completely irrelevant to an analysis of the Mississippi Rule and, therefore, should be disregarded by this Court.
Second, other states, including Oklahoma, Illinois, Michigan, Georgia and Florida, have reviewed like and/or similar language and have, in effect, held that the failure to pay costs renders an attempted voluntary dismissal ineffective.
Finally, public policy underlies the need for requiring the payment of costs before a plaintiff may dismiss an action voluntarily to ensure that the costs of the dismissed action will be paid so that the various courts across the State of Mississippi will not be burdened by any unnecessary expense(s). Appellees argue that neither the defendant nor the clerk of court should be responsible for the costs associated with the first action; they should be borne by the plaintiff. Furthermore, where the plaintiff is seeking to avail itself of the benefits of Rule 41, it should be incumbent upon the plaintiff to initiate the payment of costs.
There are at least two reasons why appellees' argument must fail, and they are related. First, as this is a suit in equity, it would seem on these facts appellees should be estopped to deny that appellant Quick Change had effectively dismissed the chancery action on December 27, 1985. When, some five months after Quick Change obviously thought it had dismissed the Chancery action, Shoney's  and, thereafter, County Line Place  began to act, it was not to help the clerk secure collection of his costs bill. Appellees were not in any way acting to promote any policy determination expressed or implicit in Mississippi's Rule 41(a)(1). Instead, Appellees were acting for tactical advantage and to hold Quick Change for a minor procedural slip up, knowing full well that Quick Change had relied to its detriment on the assumption that the Chancery action had been dismissed.
Appellees retort that, equities aside, the clear language of Rule 41(a)(1) does not allow the construction Quick Change would have us give it. Appellees forget that Rule 41(a)(1) like all procedural rules "shall be construed to secure the just ... determination of every action." M.R.C.P. 1. We do not find in the language "upon the payment of all costs" anything that would prevent a plaintiff from estimating costs and later paying any balance, with the dismissal being effective once "all costs" are paid but, nunc pro tunc, the date the notice of dismissal was filed. This is particularly so when as here there is no hint of bad faith on the part of Quick Change.
Appellees' view could lead to harsh and unjust consequences. Consider the situation where a plaintiff, seeking to utilize Rule 41(a)(1) to dismiss his action, asks the clerk what costs are due and then pays the amount he is told, only to have the clerk discover five months later that plaintiff's payment was $41.75 short. It may well be that such a plaintiff would owe the additional $41.75, but it would be outrageous to suggest that the plaintiff's dismissal was not effective the day he filed his notice, in the face of a defendant's attempt to do what Shoney's and County Line Place are trying to get away with here. The same view would hold for a plaintiff who, not knowing the exact amount due or unable to secure a cost bill, tenders a reasonable sum to the clerk with his notice of dismissal.
The Comments to Rule 41, M.R.C.P., lend support to our analysis:
Rule 41(a), which permits a plaintiff voluntarily to dismiss his action, is intended to give him the right to take the case out of court if no other party will be prejudiced. *972 The right is limited by the rule to the period before answer or motion for summary judgment; thereafter, dismissal can be had only with consent of the court and on such conditions that are just.
From July 30, 1985, to December 27, 1985, there had been no issues joined in this case. In fact, the same can be said for the period extending to May 15, 1986; therefore, it cannot be seriously argued that, on December 27, 1985, when Quick Change filed its Notice to Dismiss, any party would be prejudiced as a result of the dismissal.
Moreover, it is admitted by all parties to this lawsuit that no cost bill was presented by the Clerk of Court until July 1, 1986, after the Chancellor ruled on June 30, 1986, that the Notice of Dismissal was invalid because Quick Change had not paid the court costs.
In today's case Quick Change (pre)paid $30.00 to the clerk for costs. This sum was no less paid on December 27, 1985, when Quick Change filed its notice of dismissal. It was reasonable in amount with reference to the entire cost bill. Quick Change paid "all costs" when it paid the $41.75 balance on July 1, 1986. Having in mind the distinct lack of equity in Appellees' position, we hold that, upon Quick Change's payment of that balance, its Chancery action stood dismissed nunc pro tunc December 27, 1985.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
PRATHER, J., not participating.
NOTES
[1] We note to the Bar that in a Chancery Court action the proper motion should be one for involuntary dismissal, not a directed verdict. See M.R.C.P. Rule 41(b),