710 So.2d 886 (1998)
Willie McGRIGGS, Sr., Edwin McGriggs, Henry Shears, Louis Lee, Alfred McGriggs, Jr., in their official capacities as Chairman and Members, respectively, of the Seven Star M.B. Church, Appellants,
v.
Carl MONTGOMERY and Grover Evans, individually and in their official capacities as members of the Seven Star M.B. Church, Appellees.
No. 96-CA-00248 COA.
Court of Appeals of Mississippi.
May 5, 1998.
*887 Sanford E. Knott, Jackson, for appellant.
L.J. McKinney, Jr., Columbus, for appellee.
Before McMILLIN, P.J., and KING and PAYNE, JJ.
McMILLIN, Presiding Judge, for the court:
¶ 1. This case arises out of a dispute between two factions of a church located in Hinds County known as the Seven Star M.B. Church. The factions are in a struggle for the right to control the assets and the operation of the church. For purposes of clarity, the two factions will be identified by the name of the apparent leader of each group, i.e., the McGriggs Faction and the Montgomery Faction.
¶ 2. This suit was commenced by the McGriggs Faction as a complaint seeking certain injunctive relief against the Montgomery Faction that would, if granted, have placed the McGriggs Faction in control of the church. The chancellor entered an ex parte temporary restraining order against the Montgomery Faction, the exact terms of which do not appear in the record now before us, and scheduled a hearing on the issue of whether to convert the restraining order into a preliminary injunction. No formal hearing was conducted on the date set by the chancellor. Instead, the parties appeared before the chancellor and entered into informal negotiations aimed at resolving their differences. The negotiations were not concluded at that time. The Montgomery Faction later claimed, and the chancellor apparently agreed with the assertion, that the parties had recessed their efforts only after the competing sides had agreed to certain temporary protocols in regard to church matters. It is alleged that, among other things, the competing factions agreed that no church funds would be disbursed by either faction except for the ordinary operating expenses of the church. These agreements were not memorialized in the court record by written order or otherwise.
¶ 3. Shortly thereafter, the McGriggs Faction, as plaintiffs, filed a notice of voluntary dismissal of the suit under Mississippi Rule of Civil Procedure 41(a)(1)(i). That rule permits a plaintiff to unilaterally dismiss his suit "at any time before service by the adverse party of an answer or of a motion for summary judgment... ." Miss.R.Civ.P. 41(a)(1)(i). At the time the notice of dismissal was filed, the Montgomery Faction had filed neither an answer nor a motion for summary judgment. Nevertheless, the Montgomery Faction immediately filed a motion to reinstate the case, claiming that the McGriggs Faction's attempt to unilaterally dismiss the proceeding was an attempt to perpetrate a fraud upon them and the court and that the McGriggs Faction had violated the terms of the interim agreement by using church funds in the amount of $3,869.96 to pay their attorney's fees. The chancellor found that, in the posture of the case at the time the McGriggs Faction filed the notice of dismissal, it would be unfairly prejudicial to allow the McGriggs Faction to drop the suit. The chancellor therefore ordered the case reinstated and directed the McGriggs Faction and their attorney to restore the previously-disbursed funds to the church accounts. The McGriggs Faction filed a motion asking the chancellor to reconsider his ruling or, in the alternative, to stay its enforcement pending an appeal. The chancellor denied relief on this motion and the McGriggs Faction then filed a notice of appeal raising as the sole issue the chancellor's authority to reinstate a case voluntarily dismissed under Rule 41(a)(1)(i).

I.

The Interlocutory Nature of this Appeal
¶ 4. We note, at the outset of our consideration of this matter, that the McGriggs Faction could not take an appeal from the chancellor's reinstatement order as a matter of right. Assuming the order was within the power of the chancellor, it represented a new beginning of this litigation at the trial level rather than its conclusion. This raises a serious question of our authority to reach the merits of this appeal.
¶ 5. This Court acknowledges the proposition that, in the normal case, only *888 final judgments at the trial court level may be the subject of an appeal. Donald v. Reeves Transp. Co., 538 So.2d 1191, 1194 (Miss. 1989). Nevertheless, the Mississippi Supreme Court has established a procedure whereby a litigant may petition for appellate review of a trial court's interlocutory ruling. See Miss.R.App.P. 5. The supreme court has also, on one occasion, dealt with a situation where a litigant, apparently misconstruing the finality of the trial court's ruling, attempted to appeal the order without first obtaining the supreme court's permission under Rule 5. See Keyes v. State, 708 So.2d 540, 543 (Miss. 1998). In the Keyes case, the court concluded that it would advance the ends of justice to reach the merits of the appeal and exercised its authority under Mississippi Rule of Appellate Procedure 2 to suspend the appellate rules and decide the case.
¶ 6. We find ourselves in a somewhat different position because of the statutory scheme under which this Court operates. We do not entertain appeals directly from the trial courts. Rather, our jurisdiction is limited to those cases that are assigned to us for decision by the supreme court. Miss. Code Ann. § 9-4-3 (Supp. 1997). Therefore, Rule 5 does not  and legally could not  grant a litigant the right to petition this Court for an interlocutory appeal.
¶ 7. Nevertheless, once a matter is assigned to this Court for decision, our authority as to that case is indistinguishable from that possessed by the supreme court. "The Court of Appeals shall have the power to determine or otherwise dispose of any appeal or other proceeding assigned to it by the Supreme Court." Miss. Code Ann. § 9-4-3 (Supp. 1997). There is no reason under the statute or in logic that a motion before the supreme court for an interlocutory appeal under Rule 5 could not be assigned to this Court for resolution. Miss. Code Ann. § 9-4-3 (Supp. 1997). Only the most technical reading of Rule 5 would suggest that the supreme court intended to use the rules of appellate procedure to deny this Court an authority that otherwise would seem to exist by statute. We take judicial notice that no such Rule 5 motion has yet been referred to this Court for resolution, however, we also observe that the supreme court has, in one area of the law, moved from a case-by-case referral to a blanket assignment by subject matter. The practice has been, in those cases, to also give this Court responsibility for handling all pre-decision motions. In those kinds of cases where such broad authority has been delegated to this Court, it would appear illogical for the supreme court to retain the sole discretion to grant interlocutory appeals. We, thus, conclude that it is within the authority of this Court, upon proper referral from the supreme court, to grant a motion for a discretionary interlocutory appeal.
¶ 8. Having concluded that, upon proper referral, this Court could dispose of a motion for interlocutory appeal, we also are of the opinion that when an appeal has been referred to this Court and only then is it discovered that the appeal is interlocutory in nature, our authority to suspend the appellate rules under Rule 2 and proceed to reach the merits of the case is the same as that possessed by the supreme court. To the extent that Rule 5 can be read to be in conflict with this position, we determine that the statutory grant of "the power to determine or otherwise dispose of" a case referred to us for disposition controls the question. Miss. Code Ann. § 9-4-3 (Supp. 1997).
¶ 9. The chancellor's decision to reinstate this case goes to the heart of the chancellor's jurisdiction. If he improperly did so, it would be a substantial waste of judicial resources to require the parties to litigate the case to conclusion on the merits only to discover on appeal from the final judgment that the matter had never properly been before the court. The issue raised in this appeal is ripe for decision. Nothing that could possibly develop in further evidentiary proceedings at the trial level on the merits of the underlying claims would affect this threshold question of the court's authority to entertain the suit. We have little doubt, therefore, that this is precisely the kind of case envisioned by the drafters of the provisions of Rule 5(a)(1) quoted above, and that, had the McGriggs Faction complied with the *889 formalities of Rule 5, an interlocutory appeal would have been entirely appropriate and likely would have been granted. On these facts, we elect to suspend the appellate rules under authority of Rule 2(c) and proceed to reach the merits of this appeal.

II.

Discussion of the Merits
¶ 10. As its sole point of error, the McGriggs Faction argues that the chancellor erred as a matter of law when he reinstated the case after a Rule 41(a)(1)(i) notice of dismissal had been filed. They insist that the plain language of Rule 41(a)(1) must be followed in deciding this case, and that the rule cannot be interpreted as extending any discretion to the trial court in these circumstances. The rule reads:
(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 66, or of any statute of the State of Mississippi, and upon the payment of all costs, an action may be dismissed by the plaintiff without order of court:
(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs... .
Miss.R.Civ.P. 41(a)(1) (emphasis supplied).
¶ 11. In support of his order to reinstate the case, the chancellor cited a comment to Rule 41(a) and the case of McNeeley v. Blain, 255 So.2d 923 (Miss. 1971). The McNeeley case was a pre-rules case where the court had entered an order of dismissal pursuant to the plaintiff's election to take a voluntary nonsuit without prejudice. At a subsequent term, the defendant's counsel appeared and persuaded the trial court to convert the nonsuit order to a dismissal with prejudice. The issue on appeal was whether the second order was a nullity since the nonsuit order had deprived the court of further jurisdiction of the case. The court concluded the second order to be void for want of jurisdiction and reinstated the dismissal without prejudice. That case has no application to the one now before us. Under our present rules, the issue raised in McNeeley would be a matter for consideration under Mississippi Rule of Civil Procedure 60(b)(4) and does not invoke any aspect of Rule 41(a)(1)(i).
¶ 12. The comment relied on by the chancellor provides that Rule 41(a)(2), "which permits a plaintiff voluntarily to dismiss his action, is intended to give him the right to take the case out of court if no other party will be prejudiced." Miss.R.Civ.P. 41(a) cmt. In ordering reinstatement of the case pursuant to the Montgomery Faction's motion, the chancellor stated that:
the Plaintiffs' attempt to voluntarily dismiss this cause after blatantly breaching the terms of the aforementioned agreement [reached in chambers] severely prejudices the Defendants in contravention of the purpose and intent of Rule 41(a).
¶ 13. We are of the opinion that the chancellor erred when he converted the quoted passage in the comments into what was, in effect, an addendum to the rule itself. To the extent that this excerpt from the comment can be read to give the trial court discretion to deny a voluntary dismissal filed before an answer or summary judgment motion has been filed, the comment is in error. It is only after an answer or summary judgment motion has been filed that the rule permits the trial court to examine any discretion in the matter.
¶ 14. There is no Mississippi Supreme Court case directly on point on this issue. Thus, we will invoke a long-standing custom in this State to seek guidance from interpretations of the parallel provision of the federal rules to aid in the construction of our rules. Lowery v. Lowery, 657 So.2d 817, 819 (Miss. 1995).
¶ 15. The federal equivalent of our Rule 41(a)(1)(i), which bears the identical numerical designation, has almost universally been interpreted as a bright-line rule permitting unilateral dismissal before an answer or summary judgment motion is filed that is beyond the authority of the trial court to disturb. The Fifth Circuit Court of Appeals, in American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir.1963), said that, where the stipulation of dismissal is filed before the opposing side has filed one of the mandated pleadings:

*890 [t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by [an] adversary or court.
McGhee, 317 F.2d at 297. The Sixth Circuit Court of Appeals, in refusing to permit a district judge to reinstate a case dismissed under Rule 41(a)(1)(i), said:
However, the far more persuasive argument presented by appellant, and the basis for our decision here, is that Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i).
D.C. Elec., Inc. v. Narton Corp., 511 F.2d 294, 298 (6th Cir.1975). In a similar situation, the Seventh Circuit Court of Appeals said:
Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not.
Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir.1983).
¶ 16. One of the leading treatises on federal procedure provides that:
Although Rule 5(a) requires that a notice of voluntary dismissal be served on all other parties, the notice is effective at the moment it is filed with the clerk. It is merely a notice and not a motion, although a notice in the form of a motion is sufficient. No order of the court is required and the court may not impose conditions.

9 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE and PROCEDURE § 2363 (2d ed. 1994) (emphasis supplied).
¶ 17. The closest case on this issue decided by the Mississippi Supreme Court appears to be Quick Change Oil and Lubrication Co., Inc. v. County Line Place, Inc., 571 So.2d 968 (Miss. 1990). However, that case dealt with a provision of the Mississippi rule regarding payment of costs as a condition of dismissal for which there is no parallel provision in the federal rule. Quick Change, 571 So.2d at 969-71. The court briefly addressed the question of whether any prejudice could be discovered in the period preceding the filing of the notice of dismissal and concluded that there was none. Id. at 972. However, this was pure dictum having no bearing on the court's rationale in deciding the case. For that reason, we decline to read the court's apparent cursory consideration of the question of prejudice as mandating an interpretation of the rule in Mississippi that is substantially at odds with that widely given the same federal rule  especially when a contrary interpretation necessarily involves reading conditions into the rule that simply are not there when the plain language of the rule is considered. We take some measure of comfort in the sheer number of jurisdictions that interpret Rule 41(a)(1)(i) as a bright line rule. We take greater comfort in the fact that these nonbinding authorities, deemed "persuasive" in legal jargon when often times they are not persuasive in fact, are, in this instance, compelling in their reasoning.
¶ 18. We, therefore, hold that the chancellor exceeded his authority when he purported to reinstate a proceeding that had been finally dismissed without prejudice under our procedural rules. The order of reinstatement should, therefore, be set aside as a nullity and the stipulation of dismissal given its rightful effect.
¶ 19. THE ORDER OF THE HINDS COUNTY CIRCUIT COURT REINSTATING THE CASE IS VACATED AND THE CASE IS DISMISSED PURSUANT TO THE TIMELY AND PROPERLY FILED VOLUNTARY NOTICE OF DISMISSAL BY THE APPELLANTS. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEES.
BRIDGES, C.J., THOMAS, P.J., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.