# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01922-SCT

*WANDA B. MONTGOMERY*

*v.*

*JOHN PRATE MONTGOMERY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/1998 |
| TRIAL JUDGE: | HON. WOODROW WILSON BRAND, JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | RODNEY A. RAY |
| ATTORNEY FOR APPELLEE: | BEN F. HILBUN JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 5/25/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/15/2000 |

**BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This case comes before this Court following the denial by the Oktibbeha County Chancery Court of appellant Wanda B. Montgomery's ("Wanda") motion to set aside an agreed judgment of divorce. Finding that the actions of Wanda's attorney did not warrant relief from the entered judgment under Miss. R. Civ. P. 60(b)(6), we affirm the chancellor's refusal to set aside the judgment.

I.

¶2. During their divorce trial, on October 14, 1998, Wanda and John Prate Montgomery ("John") agreed to a divorce on grounds of irreconcilable differences. On that day, Wanda was called as the first witness; and, after she testified for a period of time, a recess was taken. Before resumption of testimony, it was announced by counsel for the parties that settlement was being discussed and, later that a settlement had been negotiated.

¶3. Upon returning to the courtroom, the settlement was confirmed by counsel for the parties and by the parties themselves. The parties were specifically instructed by the court to pay attention to the dictated settlement. Each party was then placed under oath and then confirmed that the settlement was accepted by both parties. The court recessed for lunch, and both parties, accompanied by counsel, retired to the office of John's attorney, Ben F. Hilbun, Jr., and reduced their agreement to writing. After lunch, the parties again acknowledged before the court their agreement to settle and that their entry was a complete agreement. According to the court, the only contention that arose at that time that could have been considered in the nature of any misunderstanding centered around a mule. However, this issue was soon resolved, and the

judgment was entered.

¶4. Some two weeks later, Wanda filed a motion pursuant to Miss. R. Civ. P. 60 asking the court to set aside the judgment. At the hearing on her motion, Wanda presented her son and sister-in-law as witnesses to her mental state of mind leading up to and during the signing of the agreement and regarding the actions of her attorney. Wanda argued before the court that the events surrounding her "agreeing to the divorce" were questionable at best and grounds for setting aside the divorce. Chancellor W.W. Brand, Jr. relied on the fact that Wanda agreed to the divorce and based on the questions he posed to her. He held that she was fully aware of her actions. Wanda disagrees with the court's ruling, based on her belief that the decision of the chancellor was manifestly in error, against the weight of the evidence and clearly erroneous.

## II.

¶5. Our standard of review when evaluating the denial of a Miss. R. Civ. P. 60 motion is abuse of discretion. *Stringfellow v. Stringfellow*, 451 So.2d 219, 221 (Miss. 1984). This Court's scope of review in domestic relations matters is limited. *Bell v. Parker*, 563 So.2d 594, 596-97 (Miss. 1990). The findings of a chancellor will not be disturbed by this Court unless the chancellor was "manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Id*.

## III.

### A. WHETHER RULE 60(b)(6) IS THE APPROPRIATE MEANS BY WHICH RELIEF CAN BE GRANTED IN A CASE INVOLVING A PROPERTY SETTLEMENT AGREEMENT.

¶6. Mississippi Rule of Civil Procedure 60(b)(6) provides that the court may relieve a party from a final judgment, order or proceeding for "any other reason justifying relief from the judgment." This Court has held in past cases that Rule 60 of the Mississippi Rules of Civil Procedure is a corrective device to be used in circumstances in which fraud, misrepresentation or newly discovered evidence demand the setting aside of a judgment. *Askew v. Askew*, 699 So.2d 515, 516 (Miss. 1997). Specifically, this Court has held that Rule 60 allows for the setting aside of a judgment for a number of reasons, providing the motion is made within a reasonable time and if the motion "is not simply an opportunity to litigate that which is already settled." *Id.* at 520.

¶7. When considering rules of procedure, Mississippi courts will routinely look to interpretation of the same federal rule. *Stringfellow*, 451 So.2d at 221; *McGriggs v. Montgomery*, 710 So.2d 886, 889 (Miss. Ct. App. 1998). Federal courts have been held to have broad authority under Rule 60(b)(6) to grant relief from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S. Ct. 2194, 2204, 100 L. Ed. 2d 855 (1988). Among the factors to be considered by the court are the risk of injustice to the particular parties, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. *Id.* "The language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L. Ed. 266 (1949).

¶8. Rule 60(b)(6) is a catch-all provision which is the appropriate tool to request relief in a divorce case

involving a property settlement agreement if no other grounds are available under Rule 60.

## B. WHETHER THE DECISION OF THE TRIAL JUDGE WAS MANIFEST ERROR AND CLEARLY ERRONEOUS.

¶9. Wanda claims that she was coerced to settle by her own attorney. She alleges that her counsel told her the trial was going to be continued, until the night before, when Wanda not only learned that it was going forward, but that her case was not yet prepared. Wanda claims that she was adamant about not settling and instead insisted on a full trial, but which her attorney refused. Wanda presents affidavits of friends and family who testify that she was in "shock" by her attorney's directions to "sit down and shut up" while at trial and was in no condition to agree to a settlement.

¶10. John claims that the settlement of the divorce was handled properly as a matter of law and should be sustained. He cites Wanda's own testimony, given on the day of the settlement and after a meeting with her attorney:

> By the Court: Mrs. Montgomery, you have heard the dictation of the terms of your settlement agreement. Does this constitute your agreement? This is your agreement?
>
> By Mrs. Montgomery: Yes.
>
> By the Court: You understand you'll be bound by it?
>
> By Mrs. Montgomery: Oh, yes.

¶11. Since there are no accusations of fraud by an adverse party, the threshold question before this Court is whether the alleged coercion perpetrated by Wanda's own attorney falls within Rule 60 (b)(6)'s meaning of "any other reason justifying relief from the judgment." There was insufficient proof of any coercion by Wanda's attorney. While it is debatable whether Wanda could have received a better outcome had her case been tried to conclusion, that is not a question for this Court.

IV.

¶12. The type of behavior alleged by Wanda does not rise to the level required by Rule 60(b)(6) to warrant relief from the entered judgment. There is also no proof of an abuse of discretion by the chancellor. If there was any fault in this case, it was that of Wanda's attorney who was selected by Wanda, represented Wanda during almost 18 months of litigation, and about whom Wanda never expressed any dissatisfaction in open court. The judgment in her divorce action must stand. We therefore affirm the chancery court's order denying Wanda's motion for relief from the agreed judgment of divorce.

¶13. **AFFIRMED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**