## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-IA-00045-SCT

*LONNETT WILLIAMS*

*v.*

*WILLIE V. BELL, GENE A. BELL, BOTH INDIVIDUALLY AND d/b/a RAINBOW PROPERTIES, JOHN DOES 1 THROUGH 5, AND KEVIN WRIGHT*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/05/1999 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHANE F. LANGSTON |
| ATTORNEYS FOR APPELLEES: | CHANDRA T. LEE |
| | WILLIAM A. PATTERSON |
| | K. F. BOACKLE |
| | ERIC FOSTER HATTEN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 09/06/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/27/2001 |

**BEFORE BANKS, P.J., WALLER AND DIAZ, JJ.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This interlocutory appeal arises from an order granting the defendants' motion to disqualify the plaintiff's law firm. Because we conclude that there is an insufficient showing that the matter handled by the former firm was substantially related to the litigation here in question and that the record does not support a conclusion that there was in fact disclosure of confidences and further that this issue was waived by the delay in asserting it, we reverse and remand.

### I.

¶2. In January, 1996, a stranger allegedly raped Lonnett Williams (Williams) in her apartment unit at the Seville Apartments in Jackson, Mississippi. The complex was owned and operated by Willie V. Bell and Gene A. Bell (Bells). Williams retained the law firm of Langston, Frazer, Sweet & Freese (Langston Frazer) to represent her, and on January 22, 1997, Williams instituted this civil action for damages against the Bells alleging that they were negligent in maintaining the premises in a safe manner.

¶3. On February 20, 1997, the Bells answered the complaint through their counsel McCoy, Wilkins, Stephens, and Tipton (McCoy Wilkins). In April, 1998, the Bells filed a motion seeking disqualification of Langston Frazer as plaintiff's attorney alleging that JoAnn Allred (Allred), then an associate with Langston Frazer, was a former employee of K. F. Boackle's law firm (Boackle). The motion to disqualify Allred also alleged that K. F. Boackle consulted with the Bells regarding the subject matter of the premises liability case

as early as March, 1997. The Bells further asserted that Allred, while employed with Boackle, had been privy to information which was confidential and related to the subject litigation.

¶4. Allred was employed as a non-lawyer in Boackle's firm in August, 1997. On September 30, 1997, Allred was awarded her license to practice law. On October 24, 1997, twenty four (24) days after becoming licensed, Allred's employment with Boackle ended. In November, 1997, Allred became an associate with the Langston Frazer law firm.

¶5. On August 5, 1998, Boackle filed an entry of appearance claiming that he was co-counsel to McCoy Wilkins and, further, that he had been involved as counsel to the Bells since March of 1997. Moreover, Boackle submitted an affidavit alleging that in the course of his firm's representation of the Bells, confidences were disclosed to the firm and some such confidences were reduced to writing and placed in the files.

¶6. Allred submitted an affidavit denying that she was privy to any information regarding the present litigation while she was employed by Boackle's firm. Allred acknowledged that she gathered the necessary information from the Bells in order to incorporate the Bells' business, Rainbow Properties, Inc. Allred also prepared documents transferring property from the Bells to Rainbow Properties, Inc.

¶7. Following oral argument on the motion, the circuit court requested certain documents for in camera inspection. A letter of transmittal in the record indicates that he received Boackle's law firm time sheets and affidavits from the Bells to the effect that Boackle was retained by them to represent them personally with respect to the lawsuit, and stating which confidences were brought to the attention of JoAnn Allred.

¶8. On January 6, 1999, the Circuit Court of Hinds County entered an order disqualifying Williams's counsel, including Allred and all members and associates of Langston Frazer. Williams appealed that court's decision via a Petition for Interlocutory Appeal to this Court. On July 29, 1999, this Court granted that petition pursuant to M.R.A.P. 5.

## II.

### a.

¶9. "Little case law exists in Mississippi with regard to the standard of review of a trial court's decision of a motion to disqualify an attorney." *Colson v. Johnson*, 764 So. 2d 438, 439 (Miss. 2000). "In *Quick Change Oil & Lubrication Co. v. County Line Place, Inc.*, 571 So. 2d 968, 970 (Miss. 1990), we held that the manifest error standard applies to review of findings of fact and that the [trial] court has broad discretion."*Colson*, 764 So. 2d at 439.

### b.

¶10. Williams first claims that the Bells did not meet their burden of showing that Allred represented the Bells in substantially related litigation. Moreover, Williams argues that Allred did not gain privileged or confidential information concerning the underlying litigation. In essence, Williams urges, Allred as a non-lawyer employee of Boackle, helped complete standard incorporation forms for the Bells. Further, Allred's sworn affidavit denies that the Bells revealed confidential information to her. Accordingly, Williams argues that the Bells did not meet their burden.

¶11. The Bells contend that the standard for disqualifying counsel is expressed in *Pearson v. Singing*

***River Med. Ctr., Inc***., 757 F. Supp. 768, 771 (S.D. Miss. 1991). That is, one seeking to disqualify an attorney must show that; (1) there was an actual attorney-client relationship between the movant and the attorney; and, (2) there was a substantial relationship between the subject matter of the prior and current representation. It is undisputed that the Bells and Boackle, Allred's former firm, had an attorney-client relationship. Allred, as an employee of that firm, is bound by that relationship. ***Daines v. Alcatel*, *S.A.***, 194 F.R.D. 678, 681 (E.D. Wash. 2000); ***Smart Indus. Corp., v. Superior Ct.***, 876 P.2d 1176 (Ariz. Ct. App. 1994); ***Stewart v. Bee-Dee Neon & Signs***, 751 So.2d 196, 298 (Fla. 1st Dist. Ct. App. 2000); ***Zimmerman v. Mahaska Bottling Co.***, 19 P.3d 784, 790-91 (Kan. 2001). The question at issue is whether there is a substantial relationship between the subject matter of that representation and the current representation.

¶12. The Bells submit that they retained Boackle to accomplish the transfer of certain assets and that the motivation for that transfer was the lawsuit here in question. They admit that if the transfer of property was for reasons totally unrelated to this lawsuit, "then the plaintiffs would have grounds for objecting to her attorneys' disqualification."

¶13. A transfer of property after the incident upon which liability, allegedly arising out of some breach of an owner's duty, is predicated can have no legitimate effect upon the lawsuit seeking to establish that liability. We do not deal with any allegation that the transfer was intended to defeat some eventual judgment. This is not a lawsuit to set aside a fraudulent conveyance. It is a lawsuit to establish liability. We conclude that there is no substantial relationship between the matter handled by Allred for Boackle and the matter handled by Boackle for the Bells, reflected in the record before us.

¶14. Unless and until such a substantial relationship is established, no presumption of confidential disclosure arises. ***Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*** 646 F.2d 1020, 1027 (5th Cir. 1981); ***Spragins v. Huber Farm Serv., Inc.*** 542 F. Supp. 166, 171 (N.D. Miss. 1982).

**c.**

¶15. Without a presumption we are left to deal with the issue of Boackle's general affidavit that "confidences" affecting the litigation were in fact disclosed to him.

¶16. While the Bells claim, supported by Boackle's affidavit, that they retained Boackle as personal counsel because the suit involved an amount greater than the limits of their insurance, it is telling that Boackle did not enter an appearance in this case until thirteen months after the answer was filed and four months after the instant motion to disqualify was filed. Had Boackle been named as co-counsel on the pleadings, that fact would have been known to the plaintiff's attorneys at the time that they made the decision to hire Allred, ten months after the answer was filed.

¶17. Beyond that, Boackle's affidavit is telling for what it does not say. It does not say that confidences were disclosed to Allred. It does not say when any confidences concerning this lawsuit were disclosed to Boackle or when they were reduced to writing and placed in Boackle's files. It is to be recalled that Allred was employed by Boackle for only about two months. Boackle's affidavit says only that Allred was assigned to perform actions "regarding the Bells' assets."

¶18. Apparently, the Bells submitted affidavits in camera verifying that they hired Boackle to represent them in the lawsuit here at issue and detailing the "knowledge gained by JoAnn Allred." The court apparently

relied upon these in camera disclosures to reach its decision. Those disclosures are not in the record, however. Therefore, bereft of any presumption, we cannot say that any confidential disclosures were in fact made, such that disqualification of the law firm should ensue.

## III.

¶19. Finally, while we have concluded that there is an insufficient showing of a substantial relationship or that confidences were disclosed and need not address this reason, we do so nevertheless.

¶20. This Court has held that "[i]n cases involving successive representations, a party is required to move for his former lawyer to be disqualified as soon as he is aware of the conflict, provided the motion for disqualification or the granting thereof would not place the former client at an unfair disadvantage." *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1217 (Miss. 1996)(citations omitted). *Accord*, *Colson v. Johnson*, 764 So. 2d at 439.

¶21. In *Colson*, attorney Breard represented Colson in 1989, however, Breard later brought suit against Colson in a wrongful death action. *Id.* at 438. This Court held that because an entire year had passed before Colson made an objection as to Breard's representation, Colson waived his basis for disqualification.

¶22. In the instant case, Boackle's affidavit states that the Bells retained him as a lawyer regarding this lawsuit in March of 1997. Allred was hired by Langston Frazer in November 1997, at a time when Boackle had not entered an appearance, some eleven months after the lawsuit was filed and eight month after he had been retained by the Bells. McCoy Wilkins moved for disqualification on April 22, 1998, approximately six months from the time Allred began working at Langston Frazer. The time span between McCoy Wilkins's motion for disqualification and Allred's employment at Langton Frazer was six months, half the time of the facts presented in *Colson*. Nevertheless, there appears to be no good reason for such a delay. In *Wilbourn*, 687 So. 2d at 1217, this Court stated:

> In cases involving successive representations, a party is required to move for his former lawyer to be disqualified as soon as he is aware of the conflict, provided the motion for disqualification or the granting thereof would not place the former client at an unfair disadvantage ... The client cannot hold the right in reserve for tactical purposes until it would be most helpful to his position. Failure to move for disqualification at the earliest practical opportunity will constitute a wavier.

Accordingly, we hold that the Bells waived the issue of disqualification.

## IV.

¶23. For the foregoing reasons, we reverse the order of the circuit court disqualifying counsel and remand this matter to that court for further proceedings consistent with this opinion.

¶24. **REVERSED AND REMANDED.**

**PITTMAN, C.J., WALLER, DIAZ AND EASLEY, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS AND COBB, JJ. McRAE, P.J., NOT PARTICIPATING.**

**SMITH, JUSTICE, DISSENTING:**

¶25. In my view, the majority errs in holding that there was no substantial relationship between the matter handled by Allred for Boackle and the matter handled by Boackle for the Bells. The majority concludes that the two matters are not substantially related because Allred's task at Boackle's firm concerning the case against the Bells for premises liability was the transfer of property. I respectfully disagree.

¶26. At the time Allred was employed by Boackle, Williams's complaint against the Bells had already been filed. The Bells had retained Boackle to represent them for the specific purpose of defending Williams's suit against them. The transfer of assets conducted by Allred was motivated by and accomplished in anticipation of the defense of the very lawsuit filed by Williams. For purposes of conducting the transfer of assets, Allred allegedly had access to the case files containing confidential information regarding the defense of this case. In my view, the trial judge did not abuse his discretion in determining that these matters are substantially related.

¶27. Once a substantial relation between the subject matters of the present and prior representations are shown, courts will irrebuttably presume that relevant confidential information was disclosed during the former period of representation. *Pearson v. Singing River Med. Ctr., Inc.*, 757 F. Supp. 768, 771 (S.D. Miss. 1991). The majority complains that we have not been provided with the information viewed *in camera* by the trial judge regarding which confidences were brought to the attention of Allred. However, the party seeking disqualification is not required to point to specific confidences revealed to his former attorney. *Shorter v. Shorter*, 740 So. 2d 352, 355 (Miss. Ct. App. 1999) (citing *Wilson P. Abraham Constr. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 252 (5th Cir.1977)). In my view, the matter handled by Allred for Boackle and the current representation are substantially related. Therefore, regardless of whether this Court has knowledge of the confidences actually disclosed to Allred during the time she worked for Boackle, we must conclusively presume that relevant confidential information was disclosed during the former period of representation.

¶28. I also disagree with the majority's conclusion that the almost six-month delay between the time Allred was employed by Langston Frazer and the filing of McCoy Wilkins's motion for disqualification results in the Bells' waiver of their right to object to Langston Frazer's representation. By applying the doctrine of waiver in the context of a motion for disqualification, we discourage parties from delaying in filing such motions in order to gain a tactical advantage. *Colson v. Johnson*, 764 So. 2d 438, 440 (Miss. 2000). We apply the doctrine of waiver in this context because of the concern that an irreparable injustice may result where an attorney is disqualified late in the representation of his client. *Id*.

¶29. These concerns do not exist in the case at bar. Williams complains that McCoy Wilkins delayed six months in filing its motion to disqualify her attorneys. However, the concern that an injustice might occur apparently did not present itself to Williams's attorneys, who themselves delayed **seven months** in responding to the motion to disqualify. Apparently, they were not pressed with the sense of urgency that they so zealously argue on appeal.

¶30. In my view, the trial court did not abuse its discretion in disqualifying Williams's counsel. This Court should affirm the ruling of the trial court and remand this matter for further proceedings.

**MILLS AND COBB, JJ., JOIN THIS OPINION.**